EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Herminio Sánchez Torres, et als.<br><br>Peticionarios<br><br>v.<br><br>Hospital Dr. Pila, et als.<br><br>Recurridos | Certiorari<br><br>2002 TSPR 148<br><br>158 DPR \_\_\_\_ |

Número del Caso: CC-2002-391


Fecha: 6 de diciembre de 2002

Tribunal de Circuito de Apelaciones:
                    Circuito Regional V

Juez Ponente:
                    Hon. German J. Brau Ramírez

Abogado de la Parte Peticionaria:
                    Lcdo. Héctor M. Collazo Maldonado

Abogado de la Parte Recurrida:
                    Lcdo. René W. Franceschini Pascual


Materia: Daños y Perjuicios


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Herminio Sánchez Torres, *et als*

    Peticionarios

       v.

                  CC-2002-0391

Hospital Dr. Pila, *et als*

    Recurridos



Opinión del Tribunal emitida por la Juez Asociada señora Naveira de Rodón



San Juan, Puerto Rico a 6 de diciembre de 2002


Hoy nos corresponde resolver si la **notificación verbal**, en corte abierta, de una determinación interlocutoria del Tribunal de Primera Instancia, en un caso civil, es suficiente para activar el plazo dispuesto por ley para interponer una moción de reconsideración ante dicho foro o un recurso de certiorari ante el Tribunal de Circuito de Apelaciones.

A continuación haremos un recuento conciso del trasfondo fáctico y procesal que ha dado lugar a la controversia que nos ocupa.

I

En septiembre de 1995, los demandantes peticionarios, Herminio Sánchez Torres y otros, instaron una acción de daños y perjuicios por alegada negligencia médica ante el Tribunal de Primera Instancia, Sala Superior de Ponce, contra el Hospital Dr. Pila, varios médicos que intervinieron en el tratamiento de su causante, --Jenny Sánchez Rivera, quien falleció el 31 de marzo de 1994 en dicho hospital-- y las respectivas compañías aseguradoras. Los demandados contestaron la acción negando en esencia las alegaciones vertidas en ésta.

Así las cosas, luego de varios trámites procesales, los demandantes informaron que deseaban anunciar nueva prueba pericial, solicitud a la que se opusieron los demandados.

El 8 de junio de 2001, durante una vista celebrada a esos fines, el tribunal de instancia denegó, **en corte abierta**, la solicitud. Seis días después de la vista oral, el 14 de junio de 2001, los peticionarios presentaron moción de reconsideración. La determinación del tribunal denegando la solicitud de los demandantes para que se les permitiera presentar nueva prueba pericial, nunca fue notificada a las partes por escrito. La moción de reconsideración fue denegada mediante resolución emitida el 4 de febrero de 2002 y notificada el 13 de febrero de 2002.

El 26 de febrero de 2002, los peticionarios presentaron un recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito). Dicho tribunal

desestimó el recurso por haber sido presentado después de haber transcurrido el término de cumplimiento estricto de treinta (30) días desde "la fecha de notificación de la resolución u orden" según dispuesto por el Art. 4.002(f) del Plan de Reorganización de la Rama Judicial Núm. 1 de 28 de julio de 1994, según enmendado y la Regla 53.1(4) de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 53.1(4). Resolvió que en vista de que la moción de reconsideración no fue atendida por el Tribunal de Primera Instancia dentro del plazo de diez (10) días dispuesto por la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 47, contados a partir del 8 de junio de 2001 --fecha en la cual el foro de instancia emitió verbalmente su decisión en corte abierta-- ésta se considera rechazada de plano y, por consiguiente, no interrumpió el término para recurrir en alzada.

Inconformes, los peticionarios acuden ante nos y plantean como único error lo siguiente:

> Erró el Tribunal de Circuito de Apelaciones al denegar la expedición del auto de certiorari bajo el fundamento de que el mismo se radicó tardíamente, y que no se formalizó dentro de los 30 días siguientes a la fecha de notificación de la resolución u orden conforme se dispone en 4 L.P.R.A. sec. 22k (Suplemento 2001).

El 7 de junio de 2002, le concedimos a la parte recurrida un término para que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar la determinación del Tribunal de Circuito. La parte recurrida compareció y con el beneficio de sus argumentos resolvemos sin ulterior trámite.

II

Como ya expresáramos, en el presente caso, el Tribunal de Circuito resolvió que el recurso fue presentado tardíamente, ya que conforme al Art. 4.002 de la Ley de la Judicatura de Puerto Rico de 1994, el escrito no fue presentado dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden que emitiera el foro de instancia. 4 L.P.R.A. sec. 22k. Se fundamentó en el hecho de que el plazo para presentar el recurso comenzó a discurrir el 8 de junio de 2001, cuando el tribunal de instancia verbalmente, en corte abierta, denegó la solicitud de los peticionarios para utilizar testigos periciales adicionales, y expiró treinta (30) días después. Es decir, mucho antes de la presentación del recurso ante su consideración. Dicho tribunal entendió además, que la moción de reconsideración aunque presentada oportunamente por los peticionarios ante el foro de instancia, no interrumpió el término para acudir en alzada porque dicho foro no actuó sobre la misma dentro de los diez (10) días dispuestos por la Regla 47 de Procedimiento Civil. Bajo estas circunstancias se entendió rechazada de plano, mucho antes de que instancia anunciara formalmente su decisión de 4 de febrero de 2002 de denegarla. Finalmente, concluyó, además de todo lo anterior, que procedía desestimar el recurso debido a que la parte peticionaria no incluyó en el apéndice " otros documentos que tiendan a sugerir que el término para recurrir en alzada se interrumpió de otro modo por dicha parte."

Por su parte, los demandantes peticionarios plantean que la única resolución u orden notificada y archivada en autos,

que puede servir para activar el término para acudir en alzada ante el Tribunal de Circuito, es la resolución de 4 de febrero de 2002, mediante la cual el foro de instancia denegó la moción de reconsideración, **la cual fue archivada en autos y notificada el 13 de febrero de 2002.** En dicha resolución instancia expresó que el 8 de junio de 2001 había dictado en corte abierta una orden denegando la solicitud de los peticionarios de que se les permitiese utilizar peritos adicionales y denegaba la moción de reconsideración. Indicó también que esta determinación la había reiterado durante la celebración de la vista para discutir la conferencia con antelación al juicio. Sostienen, los peticionarios, que la decisión verbal emitida en corte abierta el 8 de junio de 2001, denegando la solicitud para utilizar prueba pericial adicional, no puede servir como punto de partida para activar el término para acudir en alzada, porque no fue notificada de acuerdo a lo dispuesto en las Reglas 47.1 y 65.3(a) de Procedimiento Civil. Le asiste la razón a los peticionarios. Veamos.

III

En nuestro ordenamiento jurídico la norma general es que el término para acudir en alzada en un caso civil, tanto de una resolución interlocutoria como de una sentencia final, no comienza a transcurrir si el tribunal deja de notificar dicho dictamen a alguna de las partes. Rosario Bermúdez v. Hospital General Menonita, Inc., Op. 28 de agosto de 2001, ____ D.P.R. ____(2001), 2001 J.T.S. 126. Así pues, la Regla 65.3(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III establece que

"[i]nmediatamente después de archivarse en autos copia de una orden o sentencia, el secretario notificará de tal archivo a todas las partes que hubieren comparecido en el pleito en la forma preceptuada en la Regla 67." Dicha Regla a su vez dispone, que e] depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo de una orden o sentencia. Véase, Rodríguez Mora v. García Lloréns, Op. 28 agosto de 2001, 147 D.P.R. _____(1998), 98 J.T.S. 152. Para que se activen y comiencen a decursar los términos jurisdiccionales o de cumplimiento estricto para presentar una moción de reconsideración o un certiorari para que el tribunal apelativo revise una resolución u orden interlocutoria, es necesario que la notificación de la resolución u orden interlocutoria se haya hecho correctamente. Sobre este particular el Profesor Rafael Hernández Colón nos indica que "[c]uando se notifican resoluciones no se envía un escrito de notificación sino que en la misma resolución el secretario del tribunal anota la fecha del envío de la resolución a la parte, o sea, su notificación y la fecha de archivo en autos de la resolución conteniendo esa notificación es el punto de partida para contar los 15 días" para presentar una moción de reconsideración. Hernández Colón, R., Derecho Procesal Civil, sec. 4603, pág. 295, 1997.

De otra parte, la Regla 32(B) de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico de 30 de junio de 1999, según enmendada mediante Resolución de 16 de junio de 2000, 2000 J.T.S. 95, establece lo siguiente:

B. Minutas.

1. La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Administrativo o la Directora Administrativa de los Tribunales y será certificada por la Secretaria de Servicios de Sala.

   ▪ La minuta original se unirá al expediente judicial. En aquellos casos consolidados, la minuta original será unida al expediente de mayor antigüedad. Se incluirá copia de la minuta en los expedientes consolidados restantes.

   ▪ ...

   ▪ **La minuta no será notificada a las partes o a sus abogados, salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes.**

   ▪ La Secretaria, custodia del expediente podrá expedir copia de la minuta previo la cancelación de los derechos arancelarios, según corresponda. (Énfasis nuestro).

La resolución u orden emitida el 8 de junio de 2001 verbalmente en corte abierta, mediante la cual se denegó la solicitud de los peticionarios para utilizar dos peritos adicionales, no se le notificó a las partes de la forma en que establece la Regla 32(B). Al no haberse cursado a las partes una notificación por escrito de la determinación del tribunal de instancia denegando la solicitud de los demandantes para presentar peritos adicionales, la reconsideración presentada por los demandantes fue prematura. Ante estas circunstancias, **la única resolución u orden notificada y archivada en autos, que podría servir como punto de partida para acudir en *certiorari* ante el Tribunal de Circuito, es la resolución de 4 de febrero de 2002,**

**que declaró sin lugar la moción de reconsideración.** Esta resolución fue archivada en autos y notificada el 13 de febrero de 2002. Así pues, el término para recurrir en alzada comenzó a decursar el **14 de febrero de 2002 y venció el 15 de marzo de 2002**. En consecuencia, el Tribunal de Circuito tenía jurisdicción para considerar el recurso de certiorari presentado por los peticionarios el **26 de febrero de 2002**. La decisión verbal emitida en corte abierta el 8 de junio de 2001, denegando la solicitud para utilizar prueba pericial adicional, que más tarde fue ratificada también verbalmente en otra vista oral, no puede servir como punto de partida para presentar una moción de reconsideración.

**Resolvemos pues, que una notificación verbal en corte abierta de una determinación interlocutoria del Tribunal de Primera Instancia en un caso civil no constituye la notificación que se requiere para activar el plazo dispuesto por ley para interponer una moción de reconsideración o un recurso de certiorari ante el Tribunal de Circuito. La notificación que activa estos términos tiene que constar por escrito y dicho escrito tiene que ser notificado a las partes.**

Por las razones antes expuestas se expide el auto solicitado y se dicta sentencia revocando el dictamen del Tribunal de Circuito de Apelaciones y se devuelve el caso para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Miriam Naveira de Rodón
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Herminio Sánchez Torres, *et als*

    Peticionarios

       v.

                           CC-2002-0391

Hospital Dr. Pila, *et als*

    Recurridos




SENTENCIA


San Juan, Puerto Rico a 6 de diciembre de 2002


    Por las razones antes expuestas, se expide el auto de certiorari solicitado y se dicta sentencia revocando el dictamen del Tribunal de Circuito de Apelaciones.  Se devuelve el caso para que continúen los procedimientos de forma compatible con lo aquí resuelto.

    Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Fuster Berlingeri concurre sin opinión escrita.  El Juez Asociado señor Rebollo López disiente sin opinión escrita.


                        Patricia Otón Olivieri
               Secretaria del Tribunal Supremo