Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE CAGUAS
PANEL XI-ESPECIAL

| | | |
|---|---|---|
| KHETAM ODEH<br><br>EX PARTE<br><br>Peticionaria | KLCE202301287 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2022CV03421<br><br>Sobre: Nombramiento de Administrador de los Bienes del Finado (Causante) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

El 16 de noviembre de 2023, compareció ante este Tribunal de Apelaciones, Khetam Odeh, Anuar, Manal, Nura y Mistafa Sammy Odeh, Akram Odeh e Ibrahim Odeh, (en adelante, parte peticionaria) mediante recurso de *Certiorari*. Por medio del recurso, la parte peticionaria nos solicita que atendiéramos una paralización incoada mediante otro recurso de Certiorari presentado ante este Foro el pasado 3 de octubre de 2023.

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción.

**I**

Habida cuenta que se han presentado varios recursos respecto a la controversia que nos ocupa en adelante, resumiremos los hechos e incidencias procesales pertinentes a la controversia de autos.

Número Identificador

RES2023 _____

Conforme surge del expediente, el 12 de octubre de 2022, la señora Khetam Odeh, presentó la *Petición de Nombramiento de Administrador Judicial*, mediante procedimiento *Ex Parte,* a los fines de que el Tribunal de Primera Instancia la designara como administradora judicial de los bienes del señor Sammy Odeh. Surge de la aludida petición que, la señora Khetam Odeh era la cónyuge supérstite del señor Sammy Odeh, con quien procreó siete (7) hijos: el señor Ibrahim Sammy Odeh; el señor Akram Sammy Odeh; la señora Manal Sammy Odeh; el señor Mustafa Sammy Odeh; la señora Anuar Sammy Odeh; la señora Nura Sammy Odeh, y el señor Awadallah Sammy Odeh. La parte peticionaria, alegó que, el señor Sammy Odeh había dejado bienes en Puerto Rico y en el extranjero, que incluían bienes inmuebles, efectivo, acciones y unidades de membresía. De igual forma, adujo que, todos sus hijos, con excepción del señor Awadallah Odeh, habían acordado designar a la señora Khetam Odeh como administradora de los bienes y el caudal del señor Sammy Odeh. Así lo hizo constar mediante declaraciones juradas firmadas por estos, anejadas a su petición.

En el ínterin del desarrollo de este caso, el Sr. Awadalla Odeh compareció ante el Foro Primario mediante una *Urgente Moción Informando Solicitud de Consolidación y Solicitud de Paralización de Vista.* Solicitó la consolidación del caso de epígrafe con el caso CG2022CV03286, que se encontraba pendiente en otra sala. A tales efectos, solicitó que se paralizaran los procedimientos del caso CG2022CV03421, hasta tanto se resolviera la solicitud de consolidación.

Subsiguientemente, la parte peticionaria presentó la *Moción en Oposición a Solicitud de Paralización de los Procedimientos y de Alegada Consolidación.* En esencia, la parte peticionaria sostuvo que, no procedía la consolidación de los casos, debido a que el caso CG2022CV03286 se trataba de un caso de carácter contencioso.

Asimismo, adujo que, conforme al Art. 1745 del Código Civil de 2020,[1] en la designación del administrador de la herencia, el tribunal debía considerar, entre otros factores, el orden de prelación, siendo el cónyuge supérstite el primero en la lista. Por lo anterior, le solicitó al foro de primera instancia que declarara No Ha Lugar la solicitud del señor Awadallah Odeh.

El 9 de diciembre de 2023, el señor Awadallah Odeh presentó la *Oposición a Nombramiento de Administrador Judicial.* Se desprende de la referida moción, que el señor Awadallah Odeh se opuso al nombramiento de la señora Khetam Odeh como administradora judicial, y solicitó que se nombrara a un administrador judicial que no estuviera relacionado a la familia de forma alguna. Expresó que, la señora Khetam Odeh nunca estuvo a cargo o al tanto de los asuntos del caudal, y que era el señor Ibrahim Odeh quien controlaba todo lo relacionado a las finanzas de la familia, así como del caudal del señor Sammy Odeh.

Acaecidas varias incidencias procesales, innecesarias pormenorizar, el 10 de enero de 2023, el Tribunal de Primera Instancia celebró una *Vista Argumentativa* con el propósito de evaluar la capacidad de la parte peticionaria para desempeñar el cargo de administradora de los bienes y del caudal del señor Sammy Odeh. En la vista, fueron presentados los testimonios de la señora Khetam Odeh, del señor Akram Odeh y del señor Awadallah Odeh.

El 28 de febrero de 2023, el foro recurrido emitió una *Resolución.* En virtud de esta, luego de evaluar los planteamientos y testimonios esbozados en la *Vista Argumentativa,* concluyó que, la señora Khetam Odeh no tenía el conocimiento necesario para determinar cómo manejar los bienes del caudal, en especial el negocio de Sammy Odeh & Sons, LLC, por no entender los conceptos

---

[1] 31 LPRA Sec. 11524.

básicos de la administración del negocio y su manejo. El foro primario añadió que, la señora Khetam Odeh desconocía los efectos de una mala administración, y la necesidad del negocio de rendir y pagar contribuciones. De igual forma, se desprende de la *Resolución*, que la parte peticionaria no conocía el nombre completo del CPA que alegadamente contrataron con relación a los asuntos del caudal ni cuánto se le iba a pagar. Conforme a lo anterior, el Tribunal de Primera Instancia declaró No Ha Lugar la *Petición de Nombramiento de Administrador Judicial* incoada por la señora Khetam Odeh. Asimismo, les ordenó a las partes que, en el periodo de siete (7) días perentorios, sometieran al foro de primera instancia tres (3) nombres en conjunto, para la asignación del administrador judicial. Les apercibió que, el incumplimiento de la orden conllevaría que el foro primario designara, como correspondiese en derecho.

La parte peticionaria presentó la *Moción en Cumplimiento de Orden* el 7 de marzo de 2023. Sugirió como candidatos a administrador judicial al señor Akram Sammy Odeh y a la señora Nura Sammy Odeh. Arguyó que, con el propósito de elegir a un tercer candidato intentó comunicarse con la representación legal del señor Awadallah Sammy Odeh y con este pero que tal intento fue infructuoso.

No obstante, el 8 de marzo de 2023, el señor Awadallah Sammy Odeh, presentó la *Moción en Cumplimiento de Orden*. Adujo que, una persona imparcial independiente de la familia y sus abogados debía ser la persona que ejerciera las funciones de administrador judicial del caudal del señor Sammy Odeh. De acuerdo con lo anterior, sugirió al licenciado Juan Lorenzo Martínez, CPA, para que ejerciera como administrador judicial.

Luego de varios trámites procesales innecesarios pormenorizar, el 10 de marzo de 2023, el Tribunal de Primera

Instancia emitió una *Orden* en la cual les ordenó a las partes que en un término de cinco (5) días, sometieran tres (3) nombres alternos de candidatos a ocupar el puesto de Administrador Judicial. Les advirtió que, de no cumplir con lo ordenado el tribunal realizaría el nombramiento. Así las cosas, y ante la incapacidad de las partes en llegar a un acuerdo sobre la designación del administrador judicial, el foro *a quo*, mediante la *Orden Sobre Designación de Administrador Judicial*, nombró al licenciado Jorge M. Azize (CPA) como administrador judicial del caudal del señor Sammy Odeh.

Surge de la orden recurrida que, la primera instancia judicial señaló una vista urgente para el 17 de abril de 2023, para que el licenciado Jorge M. Azize y las partes comparecieran con sus representantes legales. El 31 de marzo de 2023,[2] la parte peticionaria presentó la *Moción de Reconsideración.* Le solicitó al foro de primera instancia que reconsiderara la *Orden Sobre Designación de Administrador Judicial*, puesto que esta había sido dictada antes de que vencieran los cinco (5) días perentorios concedidos a las partes por el Tribunal de Primera Instancia. De igual forma, argumentó sobre el orden de prelación respecto a las personas que pudiesen ser nombradas administradoras del caudal. Reiteró que el foro primario debía considerar al señor Akram Sammy Odeh y a la señora Nura Sammy Odeh como posibles candidatos para ocupar el cargo de administrador judicial.

Ante el incumplimiento de las partes en presentar posibles candidatos al puesto de Administrador Judicial, el Tribunal de Primera Instancia sostuvo su determinación de designar al Lcdo. Jorge M. Azize. Posteriormente, para allá para el 21 de abril de 2023, la parte peticionara presentó una nueva Solicitud de Petición enmendada.[3] Mediante esta, le solicitó al Tribunal de Primera

---

[2] Entrada 31 en el expediente judicial en el SUMAC.
[3] Entrada 81 en el expediente judicial en el SUMAC.

Instancia que le permitiera enmendar la *Petición* con el fin de sustituir al señor Khetam Odeh, por su hijo, el señor Akram Sammy Odeh para ejercer el cargo de administrador judicial del caudal del señor Sammy Odeh. Además, le solicitó al foro de primera instancia que, señalara una vista evidenciaria para evaluar la capacidad del señor Akram Sammy Odeh para fungir como administrador judicial.

Luego de varios trámites procesales, que son innecesarios mencionar en este momento, ante la denegatoria del *Foro a quo*, e inconforme con lo resuelto, el 25 de abril de 2023, la parte peticionaria acudió ante este foro revisor mediante *Certiorari*.

En igual fecha, junto a su recurso, presentó la *Moción en Auxilio de Jurisdicción*. Por medio de esta, nos solicitó que paralizáramos los procedimientos pendientes ante el Tribunal de Primera Instancia. El procedimiento continúo ventilándose referente a la incorporación de la representación de la Lcda. Margarita Ramos Rosado. No obstante, el planeamiento ser la adjudicación del administrador judicial, Lcdo. Jorge Azize no fue resuelto en ese momento, ya que el recurso fue desestimado por prematuro.[4]

Posteriormente y dentro del curso ordinario de los procedimientos, el licenciado Azize fue designado por el foro primario como administrador judicial. Sin embargo, este aún no ha podido ejercer sus funciones debido ante las objeciones de la parte peticionaria las cuales han generado distintas incidencias procesales. Inconforme con lo resuelto en la minuta *resolución* emitida el 6 de septiembre de 2023 sobre vista celebrada el 22 de agosto de 2023 y notificada el 31 de agosto de 2023,[5] la parte peticionaria acudió ante este foro revisor mediante el recurso de Certiorari. En aquel momento resolvimos que el Tribunal de

---

[4] Entrada 98 en el expediente judicial en el SUMAC.
[5] Entrada 185 en el expediente judicial en el SUMAC.

Instancia podía nombrar un administrador judicial en ausencia de un acuerdo entre las partes. Toda vez que el Código de Enjuiciamiento Civil, 32 LPRA, provee discreción al juzgador en ausencia de acuerdo entre las partes.

Posteriormente la parte demandante presentó una solicitud de desistimiento al amparo de la Regla 39.1(b) que fue declarada No ha lugar por el Tribunal de Instancia.[6]

Así las cosas y luego de múltiples trámites procesales ante el foro primario sobre los mismos méritos, lo cual no son necesarios abundar, la parte peticionaria recurre nuevamente ante este foro planteando el siguiente señalamiento de error:

> **Primero:** Erró el honorable Tribunal de Primera Instancia, Sala de Caguas al decretar sin lugar la solicitud de desistimiento presentada por los peticionarios-recurrentes.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta.[7]

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá

---

[6] Entrada 221 en el expediente judicial en el SUMAC.

[7] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Miranda Corrada v. DDEC et al.,* 2023 TSPR 40, 211 DPR ___ (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019).   Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles*, supra, pág. 500.   La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020); *Torres Alvarado v. Madera Atiles,* supra, pág.

500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. AAA,* 164 DPR 663, 674 (2005).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara,* 202 DPR 1062, 1070-1071 (2019). Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que, una apelación o recurso prematuro, al igual que uno tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *Báez Figueroa v. Adm. Corrección,* supra, pág. 299; *AFI v. Carrión Marrero,* 209 DPR 1 (2022); *Yumac Home Furniture v. Caguas Lumber Yard,* 194 DPR 96, 107 (2015). Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *Báez Figueroa v. Adm. Corrección,* supra, pág. 299; *AFI v. Carrión Marrero,* supra, pág. 4.

Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Yumac Home Furniture v. Caguas Lumber Yard,* supra, pág. 107. En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Íd.*

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652, 600 (2014);

*Suffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[8] confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### C. La Minuta

La Regla 32(B) de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico de 1999, (Reglas para la Administración del Tribunal de Primera Instancia), en su primer inciso, define las minutas como "[e]l registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara." Esta regla, además dispone que, de ordinario, "[l]a minuta no será notificada a las partes o a sus abogados, salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, **en cuyo caso será firmada por el juez o la jueza y notificada a las partes**".[9] (Énfasis nuestro) Véase *Sánchez et als. v. Hosp. Dr. Pila et als.*, 158 DPR 255, 262 (2002).

El Tribunal Supremo ha reiterado que, cuando una minuta incluya una resolución u orden emitida por el tribunal en corte abierta deberá contar con la firma del juez o jueza que la dictó. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Es por lo que la referida regla le impone un requisito de forma al juez que emitió la determinación en corte abierta para que, con su firma, le supla validez y certeza a la decisión recogida mediante la minuta. *Íd.* Para que la orden o resolución acogida dentro de la minuta tenga

---

[8] 4 LPRA Ap. XXII-B, R. 83.
[9] Regla 32(B) de las Reglas para la Administración del Tribunal de Primera Instancia.

legitimidad y eficacia, es necesario que esté firmada por la juez o la jueza que emitió el dictamen interlocutorio. *Íd.* Conforme lo antes dispuesto, la Minuta deberá ser firmada por el juez o la jueza para que pueda ser un dictamen revisable por los tribunales revisores.[10]

Esbozada la normativa jurídica, procedemos a aplicarla a la controversia de epígrafe.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado.

La parte peticionaria nos solicita la revisión de una *Minuta* emitida por el foro de primera instancia el 2 de noviembre de 2023, producto de una vista celebrada el 27 de octubre de 2023. En virtud de esta, la primera instancia judicial, en corte abierta, declaró No Ha Lugar la *Solicitud de Desistimiento por la parte Demandante.* Sin embargo, de un examen de la *Minuta* pudimos constatar que no contiene la firma de la juez que presidió la vista, por ende, esta no es revisable en estos momentos.

Según la normativa reseñada, para que la orden o resolución acogida dentro de la minuta tena legitimidad y eficacia, es necesario que esté firmada por la juez o la jueza que emitió el dictamen interlocutorio.[11] De lo contrario, no sería un dictamen revisable por este foro.

Por motivo de que la *Minuta* recurrida no cumple con el requisito de incluir la firma de la juez que presidió la vista, nos encontramos impedidos de revisarla en esta etapa, por esta haber sido recurrida de forma prematura. Consecuentemente, carecemos

---

[10] Véase de manera persuasiva *Cruz González v. Thermo King de Puerto Rico*, (2006), KLCE200601305.
[11] *Pueblo v. Ríos Nieves*, supra.

de jurisdicción para entrar en los méritos del recurso ante nuestra consideración.

Aclaramos que, lo aquí resuelto no es óbice para que, una vez el juzgador de instancia le imprima su firma a la *Minuta* en cuestión, de así interesarlo las partes, recurran nuevamente ante este foro revisor.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones