Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| ZENAIDA NAVARRO HATCH, PEDRO GONZÁLEZ<br><br>Peticionaria<br><br>v.<br><br>CARMEN QUIÑONES LUGO, SUCESIÓN MIGUEL SÁNCHEZ QUIÑONES y otros<br><br>Recurridos | TA2025AP00288 | APELACIÓN, acogido como, *CERTIORARI* Procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2023CV00172 (205)<br><br>Sobre: Acción de Deslinde |
| --- | --- | --- |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de septiembre de 2025.

Comparece ante nos, por derecho propio,[1] la señora Carmen Quiñones Lugo ("Apelante" o "señora Quiñones Lugo") mediante escrito intitulado *Recurso de Apelación Civil* presentado el 28 de agosto de 2025.[2] Nos solicita la revocación de la determinación del Tribunal de Primera Instancia, Sala Superior de Humacao ("foro primario" o "foro *a quo*") que denegó una moción de traslado interpuesta por la Peticionaria.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

---

[1] Si bien la señora Carmen Quiñones Lugo comparece ante esta Curia por derecho propio, conforme surge del Sistema Unificado de Manejo y Administración de Casos ("SUMAC"), ésta cuenta con representación legal activa, a saber, Lcdo. Michael Anthony Casciano Kotick.

[2] En vista de que en el presente recurso se recurre de la denegatoria de una solicitud de traslado, acogemos el recurso de epígrafe como un *certiorari* por ser lo procedente en derecho, aunque por razones de economía procesal conserve la designación alfanumérica.

## I.

Surge del expediente del caso, que el 2 de febrero de 2023, la señora Zenaida Navarro Hatch, el señor Pedro González y la Sociedad Legal de Gananciales compuesta por estos (en conjunto, "los Recurridos") presentaron *Demanda* sobre deslinde judicial de finca contra la señora Quiñones Lugo y la Sucesión de Miguel Sánchez Quiñones y Aleja Correa Santiago.[3] Por virtud de esta, solicitaron el deslinde de unos terrenos y la determinación de por donde debía transcurrir la línea divisoria entre las propiedades en controversia. Posteriormente, el 8 de marzo de 2023, la Peticionaria presentó *Contestación a la Demanda y Reconvención*.[4] Mediante esta, negó ciertas alegaciones y levantó sus correspondientes defensas afirmativas. Además, instó una reconvención mediante la cual alegó que los Recurridos alteraban su paz y tranquilidad de manera continua, al interferir con el uso y disfrute de su propiedad. Como corolario de lo anterior, solicitó una indemnización no menor de veinticinco mil dólares ($25,000.00), más quince mil dólares ($15,00.00) en honorarios de abogados, costas y gastos del pleito.

Tras varios trámites procesales, el 15 de agosto de 2025, la Apelante presentó *Moción en Solicitud de Traslado*.[5] Mediante este escrito, esbozó que no se sentía "conforme con la justicia ventilado en el Tribunal".[6] Por tal razón, solicitó el traslado del caso del Tribunal de Humacao al Tribunal de Fajardo. Atendido este escrito, en igual fecha, el foro primario emitió *Orden* y expresó lo siguiente: "[s]e atenderá en la vista pautada para el 20 de agosto de 2025".[7]

Así las cosas, el 20 de agosto de 2025, se llevó a cabo *Conferencia con Antelación al Juicio*.[8] En la misma, se discutieron

---

[3] Véase, SUMAC TPI, Entrada 1.
[4] Véase, SUMAC TPI, Entrada 6.
[5] Véase, SUMAC TPI, Entrada 68.
[6] *Íd.*
[7] Véase, SUMAC TPI, Entrada 69.
[8] Véase, SUMAC TPI, Entrada 76.

varios asuntos relacionados al pleito y, en lo pertinente a la controversia ante nuestra consideración, el foro primario declaró *No Ha Lugar* la solicitud de traslado.[9]

Inconforme, el 26 de agosto de 2025, la Peticionaria presentó el recurso de epígrafe. Examinado el mismo, al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), prescindimos de los términos, escritos o procedimientos adicionales "con el propósito de lograr su más justo y eficiente despacho".

**II.**
### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.*

---

[9] *Íd.*

Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. *Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra*, págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Jurisdicción

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración pues "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia" *Pérez Rodríguez v. López Rodríguez et al.* 210 DPR 163, 178, (2022). "[L]a jurisdicción se refiere al poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.". *Mun. Río Grande v. Adq. Finca et al.*, 215 DPR__ (2025) 2025 TSPR 36, pág. 10 citando a *Pérez Soto v. Cantera Pérez, Inc.*, *et al.*, 188 DPR 98, 105 (2013). "Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción para asumir jurisdicción allí donde no la hay". *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020). Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando "un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso en sus méritos". *Greene y otros v. Biase y otros,* 216 DPR __ (2025) 2025 TSPR 83, pág. 8.

Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

> Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Íd.,* págs. 101-102. (Comillas y citas omitidas).

Como corolario de ello, la Regla 83(C) del Tribunal de Apelaciones, *supra,* nos faculta, a iniciativa propia, a desestimar un

recurso por falta de jurisdicción. Una apelación o un recurso prematuro, al igual que uno tardío, "sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre". *Consejo Titulares v. MAPFRE*, 215 DPR__ (2024) 2024 TSPR 140, pág. 18 citando a *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366 (2001).

### C. *La Minuta*

Las *Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico de* 1999, 4 LPRA Ap. II-B, dispone en su Regla 32 (b) lo siguiente:

> *B. Minutas*
>
> (1) La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Administrativo o la Directora Administrativa de los Tribunales y será certificada por la Secretaria de Servicios a Sala.
>
> La minuta original se unirá al expediente judicial. En aquellos casos consolidados, la minuta original será unida al expediente de mayor antigüedad. Se incluirá copia de la minuta en los expedientes consolidados restantes.
>
> Se permitirá la utilización de papel de color rosa o del color que se establezca y que se tenga disponible para la preparación de la minuta original. Esto tiene como propósito poder identificar en el expediente con rapidez la minuta.
>
> La minuta no será notificada a las partes o a sus abogados, salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes.
>
> La Secretaria, custodia del expediente podrá expedir copia de la minuta previo la cancelación de los derechos arancelarios, según corresponda.
>
> (2) La Secretaria o el Secretario de Servicios a Sala preparará la minuta en la que se hará constar la fecha, las partes y su representación legal, cuando la hubiera, el número de identificación del expediente, una breve reseña de los procedimientos habidos o asuntos atendidos en la vista, los planteamientos de las partes, las determinaciones del juez o de la jueza, una relación de las personas que testificaron y una relación de la prueba documental presentada con indicación de si fue admitida o no.

Cónsono con la precitada normativa, el Tribunal Supremo de Puerto Rico lo siguiente:

> [U]na notificación verbal en corte abierta de una determinación interlocutoria del Tribunal de Primera Instancia **en un caso civil no constituye la notificación que se requiere para activar el plazo dispuesto por ley para interponer una moción de reconsideración o un recurso de "certiorari"** ante el Tribunal de Circuito. La notificación que activa estos términos tiene que constar por escrito y dicho escrito tiene que ser notificado a las partes" (Énfasis suplido). *Sánchez et als. v. Hosp. Dr. Pila et als.*, 158 DPR 255, 262 (2002).

En otras palabras, es necesario que para que se pueda recurrir de una determinación emitida en corte abierta, es indispensable que la minuta de la vista sea firmada el juez o jueza que presida los procedimientos y esta debe ser notificada a las partes. Es de esta manera, que se concretiza una correcta notificación que activa los términos para presentar reconsideración o acudir ante el Tribunal de Apelaciones.

**III.**

Previo a entrar en los méritos de la controversia ante nuestra consideración, esta Curia tiene el deber ineludible de auscultar si ostenta jurisdicción sobre el caso. Efectuado tal ejercicio, notamos que este foro carece de jurisdicción para atender el presente pleito. Por tal razón, no tenemos otra alternativa que desestimarlo. Veamos.

El presente recurso fue presentado por la Peticionaria el **26 de agosto de 2025**. Mediante este escrito, solicitó la revocación de la determinación del foro primario de denegar una solicitud de traslado presentada por ésta. Sin embargo, tras examinar el expediente del caso de marras, nos percatamos que dicha determinación por parte del foro primario **se emitió en corte abierta el 20 de agosto de 2025**. En vista de ello, en el Sistema Unificado de Manejo y Administración de Casos ("SUMAC"), caso HU2023CV00172, se registró la Entrada 76, la cual contiene la

*Minuta* de la aludida vista. De esta, surge que el foro primario **denegó** la solicitud de traslado instada por la Peticionaria. No obstante lo anterior, surge de la referida *Minuta,* que la misma **no está firmada por el juez que preside los procedimientos** y tampoco ha sido notificada a las partes. Por ende, es forzoso concluir que, en el presente recurso, aun **no se han activado los términos** para pedir reconsideración de la determinación en cuestión **ni para recurrir ante esta Curia mediante auto de** *certiorari.* Por consiguiente, el presente recurso es prematuro, por lo que corresponde desestimarlo por falta de jurisdicción.

**IV.**

Por los fundamentos expuestos, **desestimamos** el recurso presentado por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones