ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| ARMANDO LUIS SANTIAGO<br><br>Recurrido<br><br>v.<br><br>P.R. CLINICAL REFERENCE LABORATORY, INC.<br><br>Recurrente | TA2026RA00217 | *Revisión Administrativa* procedente del Departamento del Trabajo y Recursos Humanos, Oficina de Mediación y Adjudicación<br><br>Querella Núm.: AC-24-361<br><br>Sobre: Despido Injustificado (Ley 80 de 1976); Licencia de Vacaciones (Ley 180 de 1998) |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2026.

Compareció PR Clinical Reference Laboratory, Inc (en adelante, "Laboratorio" o "recurrente") mediante el recurso de revisión administrativa de epígrafe. Nos solicitó la revocación de una alegada resolución interlocutoria verbal emitida por la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos (en adelante, "OMA").

Por los fundamentos expuestos a continuación, se **desestima** el recurso de epígrafe por falta de jurisdicción.

**-I-**

El 5 de febrero de 2024, el Sr. Armando Luis Santiago (en adelante, "señor Santiago" o "parte recurrida") instó una querella ante la OMA por despido injustificado al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como *Ley Sobre Despidos Injustificados*, 29 LPRA sec. 185a *et seq.*, y reclamación de licencia de vacaciones bajo la Ley Núm. 180-1998, según

enmendada, conocida como *Ley de vacaciones y licencia por enfermedad de Puerto Rico,* 29 LPRA sec. 250 *et seq.[1]*

La OMA emitió *Notificación de querella y vista administrativa* el 12 de agosto de 2025, notificada el 14 de agosto de 2025.[2] Por su parte, el 27 de agosto de 2024, el Laboratorio presentó su *Contestación a querella.[3]*

El 22 de abril de 2026, el Laboratorio presentó *Urgente solicitud de regrabación.[4]* Allí alegó que ese mismo día la OMA celebró una vista con antelación a la vista en su fondo, la cual pautó para el próximo 30 de abril de 2026. Por lo cual, solicitó la regrabación de esa vista.

Al día siguiente, 23 de abril de 2026, el Laboratorio instó *Urgentísima solicitud de reconsideración[5]* mediante la cual alegó que la OMA durante la referida vista, determinó que el orden de la prueba sería que el Laboratorio presentaría su prueba inicialmente y, acto seguido, el señor Santiago. Por lo cual, sostuvo que la OMA le impuso la carga probatoria al patrono querellado contrario a la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como *Ley Sobre Despidos Injustificados*, 29 LPRA sec. 185a *et seq.*

El 27 de abril de 2026, la OMA emitió una *Resolución Interlocutoria y Orden* en la cual concedió la solicitud de regrabación de vista y denegó la solicitud de reconsideración.[6]

Inconforme, el 28 de abril de 2026, el Laboratorio acudió ante este Tribunal mediante el recurso de epígrafe en el cual planteó los errores siguientes:

> 1. Erró la Hon. Juez Administrativa de la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos y abusó de su discreción, al invertir el orden de la prueba; obligar a la parte Querellada a presentar su caso y defensas afirmativas en primera instancia y, con

---

[1] SUMAC-TA, entrada núm. 1, anejo 1, págs. 5-6.
[2] SUMAC-TA, entrada núm. 1, anejo 1, págs. 1-4.
[3] SUMAC-TA, entrada núm. 1, anejo 2, págs. 37-44.
[4] SUMAC-TA, entrada núm. 1, anejo 4, págs. 64-65.
[5] SUMAC-TA, entrada núm. 1, anejo 5, págs. 66-73.
[6] SUMAC-TA, entrada núm. 1, anejo 6, págs.74-76.

ello, dar por aceptado y haber levantado una presunción respecto a que hubo un despido injustificado, *sin la parte Querellante haber probado tan siquiera uno de los hechos esenciales de su caso.*

2. Erró la Hon. Juez Administrativa de la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos y abusó de su discreción, al invertir el orden de la prueba y no tomar en consideración la enmienda sufrida por la Ley Núm. 80-1976, a causa y según enmendada por la Ley Núm. 4-2017, mediante la cual se eliminó la frase que imponía el peso de la prueba a los patronos querellados y el origen de la presunción. Ver *Segarra Rivera v. Int'L. Shipping et al.,* 208 DPR 964, 987 (2022) y *Ortiz Ortiz v. Medtronic,* 209 DPR 759, 775-776 (2022).

3. Erró la Hon. Juez Administrativa de la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos y abusó de su discreción, al tomar la decisión de invertir el orden de la prueba por razón de que "...así es que manejamos todos nuestros casos de despido injustificado..., no es solamente este caso...".[7]

En igual fecha, el recurrente presentó ante nos una *Solicitud de Orden en Auxilio de Jurisdicción*[8], la cual denegamos.[9]

Examinado el recurso, determinamos prescindir de la comparecencia de la parte recurrida, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 15, 216 DPR __ (2025), y procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**-II-**

**A. Jurisdicción**

En nuestro ordenamiento jurídico se ha establecido que la jurisdicción "es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power Inc., v. Junta de Subasta,* 213 DPR 685, 698 (2024); *FCPR V. ELA et al.,* 211 DPR 521, 529 (2023). En ese sentido, el factor jurisdiccional es el primer factor que debe considerar un tribunal en toda situación jurídica que se presente para su adjudicación. *R&B*

---

[7] SUMAC-TA, entrada núm. 1, pág. 5 (énfasis en el original).
[8] SUMAC-TA, entrada núm. 2.
[9] SUMAC-TA, entrada núm. 3.

*Power Inc., v. Junta de Subasta*, supra, pág. 698; *FCPR V. ELA et al.*, supra, pág. 530. De manera que los asuntos jurisdiccionales son privilegiados y deben ser atendidos de forma preferente. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

Acorde con ello, los tribunales estamos emplazados a ser fieles guardianes de nuestra jurisdiccion y carecemos de discreción para asumirla donde no la hay. *Íd.* Por ende, la falta de jurisdicción tiene los siguientes efectos:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.*

*Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-117, 216 DPR __ (2025), confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción. De esa forma, si al hacer el análisis jurisdiccional, el tribunal concluye que carece de jurisdicción para adjudicar la cuestión ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *Ruíz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018).

**B. Revisión administrativa y dictámenes verbales**

La Ley Núm. 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico" (en adelante, "LPAU") dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. 3 LPRA sec. 9671. Como cuestión de derecho, la

revisión judicial será sobre las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. 3 LPRA sec. 9676. El propósito de tal disposición consiste en delimitar la discreción de los foros administrativos para asegurar que estos ejerzan sus funciones razonablemente y conforme a la ley. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 113-114 (2023).

La Sección 4.2 de la LPAU dispone sobre los términos para instar un recurso de revisión ante el Tribunal de Apelaciones como sigue:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

3 LPRA sec. 9672.

En los procesos civiles, para que se active el término para acudir en revisión administrativa ante el Tribunal de Apelaciones, es necesario que la determinación conste por escrito y así sea notificada a las partes. *Sánchez et als. v. Hosp. Dr. Pila et als.,* 158 DPR 255, 262 (2002). Ello es incorporado a nivel administrativo por la Sección 3.14 de la LPAU, la cual establece que toda "orden o resolución final deberá ser emitida por escrito" y que la agencia pertinente "deberá notificar con copia simple por correo ordinario o electrónico a las partes, y a sus abogados de tenerlos, la orden o resolución a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación". 3 LPRA sec. 9654.

Asimismo, para que el Tribunal de Apelaciones pueda ejercer su función revisora, es menester que las partes acompañen copia del documento con la decisión cuya revisión se solicita. Véase, Regla

59 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 83-86, 216 DPR __ (2025). Particularmente, el inciso (E)(1)(C) de la precitada regla promulga que el recurso de revisión administrativa contendrá una copia literal de la orden, resolución o providencia administrativa cuya revisión se solicita, incluyendo las determinaciones de hechos y conclusiones de derechos en que esté fundada. *Id.* Lo anterior obedece a que el Tribunal de Apelaciones es un tribunal de récord, conforme al Artículo 4.001 de la Ley Núm. 201-2003, según enmendada, conocida como *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24t.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el caso de autos, el recurrente nos solicitó la revocación de un alegado dictamen verbal emitido por la OMA durante una vista con antelación a la vista en su fondo. Esto es, el peticionario solicitó la revisión de un dictamen interlocutorio emitido por una agencia que no consta por escrito y, por ende, que no fue notificado a las partes.

Según expusimos previamente, en nuestro estado de derecho vigente, es norma claramente establecida que las revisiones administrativas ante este Tribunal proceden únicamente cuando se impugna una **orden o resolución final** de la agencia correspondiente. Asimismo, toda orden o resolución susceptible de revisión judicial debe constar por **escrito y ser debidamente notificada a las partes**. Es a partir de dicha de notificación que se activan y comienzan a de cursar los términos para acudir en revisión administrativa ante este Tribunal.

Del expediente ante nos se desprende —y así lo afirmó el recurrente en sus escritos— que el dictamen que se pretende revisar es de carácter interlocutorio. Asimismo, consta en el expediente, al igual que de los propios planteamientos del recurrente, que la agencia recurrida no ha notificado por escrito la alegada orden verbal emitida el 22 de abril de 2026. Es decir, dicha orden verbal no fue reducida a escrito ni notificada a las partes. En consecuencia, desconocemos su contenido, fecha, fundamentos y alcance. Cabe señalar que, el recurrente no ha solicitado que se reduzca a escrito, sino que se limitó a pedir la regrabación de la vista, con lo cual tampoco contamos. A tono con el derecho aplicable, ello provocó que no se activara el término para acudir en revisión administrativa ante nos. Esto, además de impedirnos, como foro apelativo, conocer con precisión los términos y la corrección del dictamen cuya revisión se solicita, nos coloca ante un dictamen que no es final ni susceptible de revisión. Al ser así, no podemos ejercer nuestra función revisora.

Así pues, a la luz de las circunstancias del caso y del derecho vigente, resolvemos que carecemos de jurisdicción para considerar el recurso de epígrafe. Por tanto, procede su desestimación a tenor con la Regla 83 (B) (1) de nuestro Reglamento, *supra.*

**-IV-**

Por los fundamentos expuestos previamente, se **desestima** el recurso de epígrafe por falta de jurisdicción.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones