ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **DAMARIS SANTIAGO MÉNDEZ** **JORGE G. QUILES MALDONADO** PETICIONARIOS **EX PARTE** **DAMARIS SANTIAGO MÉNDEZ** PETICIONARIA(S)-PETICIONARIA(S) **JORGE G. QUILES MALDONADO** PETICIONARIA(S)-RECURRIDA(S) | KLCE202300404 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de **UTUADO** Caso Núm. **L DI2021-0002 (Salón 2)** Sobre: Divorcio (Mutuo Consentimiento) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

*Barresi Ramos*, juez ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, hoy día 30 de noviembre de 2023.

Comparece ante nos, la señora **DAMARIS SANTIAGO MÉNDEZ** (señora **SANTIAGO MÉNDEZ**), mediante *Certiorari Civil* instado el 13 de abril de 2023. En su recurso, nos solicita que revisemos la *Resolución* emitida el pasado 9 de marzo, por el Tribunal de Primera Instancia (TPI), Sala Superior de Utuado.[1] Mediante el referido dictamen, el foro *a quo* declaró *no ha lugar* la *Moción Urgente en Solicitud de Reconsideración y Orden para que se Calculen Intereses Legales* presentada el 6 de marzo de 2023 por la señora **SANTIAGO MÉNDEZ**.[2]

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

**– I –**

El 18 de febrero de 2011, los señores **SANTIAGO MÉNDEZ** y **JORGE G. QUILES MALDONADO** (señor **QUILES MALDONADO**) incoaron una *Petición*

---

[1] Dicha determinación judicial fue notificada y archivada en autos el 14 de marzo de 2023. Véase Apéndice de *Certiorari Civil*, págs. 104- 105.
[2] *Íd.*, págs. 93– 100.

sobre divorcio por la causal de mutuo consentimiento.[3] Un mes después, el 28 de marzo de 2011, se dictaminó *Sentencia* decretando roto y disuelto el vínculo matrimonial.[4] Asimismo, se otorgó la custodia de la menor G.R.Q.S. a la señora SANTIAGO MÉNDEZ; y se dispuso una pensión alimentaria de $1,500.00 mensuales en beneficio de la hija menor de edad. El señor QUILES MALDONADO, además, debía pagar la suma de $170.00 mensuales por concepto de mensualidad del colegio durante el periodo escolar; y satisfacer el pago del plan médico incluyendo cubierta de farmacia y dental. Dicha obligación alimentaria era efectiva el 1 de febrero de 2011 y debía depositarse en una cuenta bancaria (ahorro).

Luego, el 29 de junio de 2017, se celebró audiencia sobre desacato en la cual se determinó que el señor **Quiles Maldonado** tenía un balance adeudado por la cantidad de **$25,917.23** reconociéndole un crédito de $263.97; y quedando una controversia sobre **$9,048.15**.[5] Para satisfacer dicho pasivo, se impuso un plan de pago de $303.25 mensuales por treinta y seis (36) meses más $5,000.00 anuales comenzando el 1 de julio de 2017 y el abono anual a partir de junio de 2018. Así las cosas, se pautó una *Vista Evidenciaria* para el 25 de septiembre de 2017 para atender la controversia sobre los gastos escolares.

El 14 de noviembre de 2017, se decretó *Orden* en la cual se declaró *ha lugar* la solicitud de imposición de intereses legales a la deuda por concepto de pensión alimentaria y se le requirió a la señora SANTIAGO MÉNDEZ presentar el cálculo de intereses legales.[6]

En marzo de 2018, el señor QUILES MALDONADO presentó una *Petición de Quiebras* ante el Tribunal de Quiebras del Distrito de Puerto Rico.[7] Sin embargo, en mayo de 2019, ante su incumplimiento para con lo dispuesto por el Tribunal de Quiebras se desestimó la *Petición*.[8]

---

[3] Véase Apéndice de *Certiorari Civil,* págs. 5- 17.
[4] *Íd.*, págs. 2- 4.
[5] *Íd.*, págs. 25- 27.
[6] *Íd.*, págs. 30- 31.
[7] *Íd.*, pág. 34.
[8] *Íd.*, pág. 37.

Más tarde, el 10 de diciembre de 2019, los señores **SANTIAGO MÉNDEZ** y **QUILES MALDONADO** presentaron *Moción Conjunta en Cuanto a Asuntos Pendientes sobre Pensión Alimentaria y en Cumplimiento de Orden de 27 de septiembre de 2019.*[9] En síntesis, solicitaron que el foro recurrido dispusiera de los asuntos pendientes sobre la deuda por concepto de pensión alimentaria y el reiterado incumplimiento del señor Quiles Maldonado.

Entonces, en junio de 2019, el señor **QUILES MALDONADO** presentó una segunda *Petición de Quiebras*. No obstante, el 25 de enero de 2022, ante el incumplimiento de las mensualidades del plan de pago bajo el Capítulo 13, el Tribunal de Quiebras desestimó la petición de quiebra.[10]

Finalmente, el día 16 de febrero de 2023, se celebró una audiencia sobre desacato.[11] En consecuencia, el 6 de marzo de 2023, la señora **SANTIAGO MÉNDEZ** presentó *Moción Urgente en Solicitud de Reconsideración y Orden para que se Calculen Intereses Legales.*[12] En resumen, expresó su inconformidad con la determinación del foro de instancia mediante la cual le concedió al señor **QUILES MALDONADO** otra oportunidad y un tercer plan de pago a comenzar en agosto de 2023. Por consiguiente, el 9 de marzo de 2023, el foro *a quo* emitió la *Resolución* impugnada.

Insatisfecha, el 13 de abril de 2023, la señora **SANTIAGO MÉNDEZ** entabló ante este Tribunal de Apelaciones un *Certiorari Civil*. En su escrito, señala el(los) siguiente(s) error(es):

> Erró el TPI al no ordenar que se calculen los intereses legales sobre la deuda de pensión alimentaria que mantiene el recurrido desde enero de 2020 hasta el presente en contravención a la Ley del caso, que es la Orden de 14 de noviembre de 2017, que ya los concedió, puesto a que los intereses se acumulan hasta el saldo de la deuda.

El 19 de abril de 2023, pronunciamos *Resolución* en la cual, entre otras cosas, concedimos un plazo perentorio de diez (10) días para mostrar causa por la cual no debemos expedir el auto de *certiorari* y revocar el dictamen

---

[9] Véase Apéndice de *Certiorari Civil,* págs. 47- 58.
[10] *Íd.*, págs. 65- 66.
[11] En el expediente apelativo **no** obra copia de la *Minuta* de la audiencia sobre desacato.
[12] *Íd.*, págs. 93- 100.

impugnado. Al día de hoy, el señor **QUILES MALDONADO no** ha presentado contención alguna.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

– II –

(A) *Certiorari*

El recurso de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[13] Por ello, la determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial.[14]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[15] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[16]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[17] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[18]

---

[13] *Rivera et al. v. Arcos Dorados et al.,* 2023 TSPR 65; 211 DPR ___ (2023); *Torres González v. Zaragoza Meléndez,* 2023 TSPR 46; 211 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391, 403 (2021).
[14] *Íd.*
[15] *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2016).
[16] *Íd.*
[17] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra; McNeil Healthcare v. Mun. Las Piedras I, supra; Scotiabank v. ZAF Corp et al.,* 202 DPR 478 (2019).
[18] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021).

En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

(1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
(2) en asuntos relacionados a privilegios evidenciarios;
(3) en casos de anotaciones de rebeldía;
(4) en casos de relaciones de familia;
(5) en casos revestidos de interés público; o
(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[19]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[20]

### (B) Regla 40 - Reglamento del Tribunal de Apelaciones

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[21] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

(A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho**;**
(B)    Si la situación de hechos planteada es la más indicada para el análisis del problema;
(C)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
(D)    Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
(E)    Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
(F)    Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G)    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[22]

---

[19] 4 LPRA Ap. XXII – B; *IG Builders v. BBVAPR*, 185 DPR 307, 339 – 340 (2012).
[20] 4 LPRA Ap. XXII-B, R. 40. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[21] *McNeil Healthcare v. Mun. Las Piedras I*, supra, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[22] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[23] Esto es, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[24] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[25] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[26]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[27] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[28]

### (C) Regla 34 - Reglamento del Tribunal de Apelaciones

Los requisitos aplicables sobre el perfeccionamiento de un recurso de apelación o discrecionales están contenidos en el Reglamento del Tribunal de Apelaciones de 2004; la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada; y en las Reglas de Procedimiento Civil de 2009, según enmendadas. Nuestro Tribunal Supremo ha establecido que los litigantes deben observar rigurosamente las disposiciones reglamentarias sobre el perfeccionamiento de sus recursos.[29] Ello a los fines de que los tribunales revisores estén en posición de ejercer adecuadamente

---

[23] *García v. Padró*, 165 DPR 324, 335 (2005).

[24] *Mun. Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

[25] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).

[26] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486 – 487 (2019); *Mun. Caguas v. JRO Construction*, supra.

[27] *García Rubiera v. Asociación*, 165 DPR 311, 322 (2005).

[28] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[29] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

su función, toda vez que el incumplimiento de dichos mandatos impide tener

de un expediente completo y claro para delimitar la controversia ante su

consideración.[30]

Así las cosas, la Regla 34 (C) de nuestro Reglamento dispone todo lo

relacionado al contenido que deberá tener toda solicitud de *certiorari*.[31] A

esos efectos, la citada Regla, en lo pertinente, establece lo siguiente:

> El escrito de *certiorari* contendrá:
> (A) . . .[...]
> (E) Apéndice
> (1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:
> (a) Las alegaciones de las partes, a saber:
> (i) en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;
> (ii) en casos criminales, la denuncia y la acusación, si la hubiere.
> (b) **La decisión del Tribunal de Primera Instancia cuya revisión se solicita**, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.
> (c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, **resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, y la notificación del archivo en autos de una copia de la resolución u orden**.
> (d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a ésta.
> (e) **Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia**.
> [...] (Énfasis nuestro).

**(D) Jurisdicción**

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal

para considerar y decidir los casos y controversias ante su consideración.[32]

Por lo que, la falta de *jurisdicción* de un tribunal incide directamente sobre

su poder para adjudicar una controversia.[33]

Los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en

ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción*

---

[30] *Íd.*
[31] Regla 34 (C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 34 (C).
[32] *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022); *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *ASG v. Mun. San Juan*, 168 DPR 337, 343 (2006).
[33] *Allied Mgmt Group v. Oriental Bank*, supra; *Peerless Oil v. Hermanos Pérez*, supra, págs. 249-250 (2012).

puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. Si un tribunal se percata que carece de *jurisdicción*, así tiene que declararlo y desestimar el caso.[34]

El Tribunal Supremo ha resuelto enfáticamente que la ausencia de *jurisdicción* trae consigo las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio".*[35]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[36] Una vez un tribunal determina que no tiene *jurisdicción*, *"procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".*[37] Ello sin entrar en los méritos de la controversia ante sí.

– III –

La señora **Santiago Méndez** alega que recurre de la *Resolución* intimada el 9 de marzo de 2023 en la cual se declaró *no ha lugar* su *Moción*

---

[34] *FCPR v. ELA et al.*, supra; *Allied Mgmt Group v. Oriental Bank*, supra, págs. 366-387; *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019); *García Hernández v. Hormigonera Mayagüezana Inc.*, 172 DPR 1, 7 (2007).

[35] *MCS Advantage v. Fossas Blanco et al.*, 2023 TSPR 08, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, supra, pág. 395; *Beltrán Cintrón v. ELA*, 204 DPR 89, 101-102 (2020); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); y *González Sotomayor v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

[36] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*

[37] *Allied Mgmt Group v. Oriental Bank*, 204 DPR 374, 385 (2020); *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

*Urgente en Solicitud de Reconsideración y Orden para que se Calculen Intereses Legales.* Dicha solicitud de reconsideración cuestiona la determinación judicial realizada en la audiencia sobre desacato celebrada el 16 de febrero de 2023. El tribunal de instancia -en su discreción – razonó conceder otra oportunidad al señor QUILES MALDONADO para cumplir con la pensión alimentaria adeudada al brindarle un tercer plan de pago. La señora SANTIAGO MÉNDEZ manifestó en su escrito de reconsideración lo siguiente:

> [E]ste Tribunal incurrió en un craso abuso de discreción al no ordenar la encarcelación del Peticionario el 16 de febrero de 2023 cuando no se presentó a la audiencia. Más aun, cuando ya ha acumulado una deuda adicional de sobre $5 mil, por lo que devolvió el caso a la situación en que se encontraba en julio de 2022.[38]

En su recurso apelativo, la señora SANTIAGO MÉNDEZ argumentó que el foro primario incidió al no ordenar que se calcularan o impusieran los intereses legales sobre la deuda de la pensión alimentaria. La señora SANTIAGO MÉNDEZ hizo referencia a que las pensiones alimentarias vencidas pueden devengar intereses legales por mora. En específico, discutió que estas se computan desde el momento en que se dictó la *Sentencia* o *Resolución*, o si es de mes a mes desde que venció o debió ser satisfecha. También, manifestó que el señor QUILES MALDONADO presentó dos (2) peticiones de quiebra las cuales fueron desestimadas. Aseguró que el señor QUILES MALDONADO no ha saldado la deuda de la obligación alimentaria en seis (6) años y ha quebrantado tres (3) planes de pago.

Como norma general, este tribunal no debe intervenir con el ejercicio de la discreción de los tribunales de instancia. Empero, el Tribunal Supremo ha dictaminado que el ejercicio de dicha discreción ha de ceder ante: (1) actuaciones que demuestren perjuicio o parcialidad; (2) abusos de discreción; y (3) equivocaciones en la interpretación o aplicación de cualquier norma procesal o derecho sustantivo.[39]

---

[38] Véase Apéndice de *Certiorari Civil*, pág. 98.
[39] *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018); *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

No obstante, la señora **SANTIAGO MÉNDEZ** presentó su escrito apelativo sin incluir copia de la *Minuta* de la audiencia sobre desacato celebrada el 16 de febrero de 2023.[40] La aludida *Minuta* debe reflejar todo lo acontecido y dispuesto por el foro recurrido. En casos como el presente, dicho documento es indispensable y esencial para auscultar si tenemos o no *jurisdicción* para atender este recurso.[41] La omisión o ausencia de presentar la antedicha *Minuta* nos impide ejercer nuestra función revisora. Tomar una determinación sin la observancia del escrito nos encamina a concluir en ausencia de todos los elementos necesarios para impartir justicia. Por tanto, la falta de perfeccionamiento del recurso, para precisar nuestra *jurisdicción,* tiene como consecuencia la *desestimación* de este recurso.

- IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, **desestimamos,** por falta de *jurisdicción,* el *Certiorari Civil* instado el 13 de abril de 2023 por la señora **SANTIAGO MÉNDEZ**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[40] La *Minuta* fue notificada el 27 de febrero de 2023 según hizo constar la señora **SANTIAGO MÉNDEZ** en su *Moción Urgente en Solicitud de Reconsideración y Orden para que se Calculen Intereses Legales*. Véase Apéndice de *Certiorari Civil*, pág. 93.

[41] La Regla 32 (B) (1) de las Reglas para la Administración del Tribunal de Primera Instancia, 4 LPRA Ap. II-B R. 32 (B) (1), dispone que la minuta es "el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara." En cuanto a su notificación, dicha Regla expresa lo siguiente:

"La minuta no será notificada a las partes o a sus abogados, **salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes.**" Íd.

Una notificación verbal en corte abierta de una determinación interlocutoria del Tribunal de Primera Instancia en un caso civil no constituye la notificación que se requiere para activar el plazo dispuesto por ley para interponer una moción de reconsideración o un recurso de *certiorari* ante el Tribunal de Apelaciones. *Sánchez Torres v. Hosp. Dr. Pila*, 158 DPR 255, 262 (2002). La notificación que activa estos términos tiene que constar por escrito y dicho escrito tiene que ser notificado a las partes. *Íd.*