ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| JOSÉ Y. CARLOS CALDERÓN EN REP. ENRIQUE CALDERÓN NIEVES<br><br>Querellante-Recurridos<br><br>v.<br><br>HOGAR BRISAS DE AMOR<br><br>Querellado-Recurrido<br><br>EVA GARNIER ETANISLAO<br><br>Parte Interventora-Peticionaria | KLCE202400529 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm. OPE 2024-001<br><br>Sobre: Ley Núm. 121 |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de mayo de 2024.

I.

El 15 de mayo de 2024, la Sra. Eva Garnier Etanislao, acudió ante nuestra consideración mediante un recurso de *Certiorari* y *Moci[ó]n Urgente para Acudir a la Prueba Oral y para que Ordene la Suspensi[ó]n de los Procedimientos en el Tribunal de Instancia.*

En sus escritos, nos solicita que intervengamos con unas órdenes interlocutorias emitidas por el Tribunal de Primera Instancia durante una vista celebrada el 10 de abril de 2024 y que se le permita revisar la prueba oral presentada durante dicha vista. En específico, alega haber solicitado, con éxito, la intervención en los procedimientos llevados a cabo en atención a una *Petición de Orden de Protección para el Adulto Mayor,*[1] a favor del Sr. Enrique Calderón Nieves, su esposo, solicitada el 2 de enero de 2024 por sus hijos, José y Carlos, ambos de apellido Calderón y que, el Foro primario le negó la participación a la vista celebrada, luego de haberle concedido la intervención.

---

[1] En la mencionada *Petición*, los hermanos Calderón alegaron que el señor Calderón Nieves había sido ingresado al Hogar Brisas de Amor, en contra de su voluntad y bajo engaño.

Número Identificador

RES2024_____

Hemos examinado el recurso y del mismo surge, que la señora Garnier Etanislao no incluyó el dictamen por el cual recurre a este foro.[2] De hecho, en su escrito, la señora Garnier Etanislao nos llama la atención a que aún no han sido reproducidas las órdenes y que las acompañará en escritos posteriores. Ante ello, en el ejercicio de la facultad discrecional que nos concede la Regla 7 (B)(5) de nuestro Reglamento,[3] preterimos todo trámite ulterior y, por los fundamentos que expondremos a continuación, *desestimamos* el presente *Recurso*.

II.

Sabemos que los tribunales debemos ser celosos guardianes de nuestra jurisdicción.[4] Cabe puntualizar que "[l]a jurisdicción es el poder o autoridad que tiene un tribunal para considerar y decidir casos o controversias".[5] Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras.[6] Por lo que, los tribunales tienen el deber indelegable de verificar su propia jurisdicción a los fines de poder atender los recursos presentados ante éstos.[7] Los tribunales no pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio pueden otorgársela.[8]

Así, cuando un tribunal determina que no tiene la autoridad para atender un recurso, sólo puede así declararlo y desestimar el caso.[9] Debido a

---

[2] A pesar de alegar que el Tribunal de Primera Instancia emitió *Resolución* concediéndole su intervención, tampoco aneja al recurso dicha *Resolución*.

[3] La Regla 7(B)(5) dispone:
El Tribunal de Apelaciones tendrá la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a los ciudadanos. 4 LPRA Ap. XXII-B, R. 7 (B)(5).

[4] *Torres Alvarado* v. *Madera Atiles,* 202 DPR 495 (2019); *Vázquez* v. *ARPE,* 128 DPR 513, 537 (1991); *Martínez* v. *Junta de Planificación,* 109 DPR 839, 842 (1980); *Maldonado* v. *Pichardo,* 104 DPR 778, 782 (1976).

[5] *Torres,* 202 DPR, págs. 499-500; *Shell* v. *Srio. Hacienda,* 187 DPR 109, 122 (2012*); Asoc. Punta Las Marías* v. *ARPE,* 170 DPR 253, 263 [nota al calce núm. 3] (2007); *Cordero et al. v. ARPE et al.,* 187 DPR 445, 456 (2012).

[6] *Ruiz Camilo* v. *Trafon Group, Inc.,* 200 DPR 254, 267 (2018); *S.L.G. Szendrey-Ramos* v. *F. Castillo,* 169 DPR 873, 882 (2007); *Morán* v. *Martí,* 165 DPR 356, 364 (2005); *Vega et al.* v. *Telefónica,* 156 DPR 584, 595 (2002).

[7] *Torres,* 202 DPR, págs. 499-500; *Souffront* v. *A.A.A.,* 164 DPR 663, 674 (2005); *Vázquez,* 128 DPR, pág. 537.

[8] *Allied Management Group Inc.* v. *Oriental Bank,* 204 DPR 374 (2020); *Maldonado* v. *Junta Planificación,* 171 DPR 46, 55 (2007); *Vázquez,* 128 DPR, pág. 537.

[9] *Allied Management Group Inc.,* 204 DPR; *Carattini* v. *Collazo Systems Analysis Inc.,* 158 DPR 345, 355 (2002); *Vega et al.* v. *Telefónica,* 156 DPR 584, 595 (2002)

que la ausencia de jurisdicción es insubsanable.[10] Las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal de Apelaciones deben observarse rigurosamente.[11] Conforme a ello, la Regla 83 de nuestro Reglamento sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso, entre otras razones, por falta de jurisdicción.[12]

III.

El recurso presentado por la señora Garnier Etanislao adolece de defectos que impiden asumir jurisdicción para atenderlo. No solo su escrito omite acompañar las órdenes cuya revisión solicita, si no que las aludidas órdenes, según sus propios dichos, aún no han sido emitidas por escrito por el Foro revisado. Si bien la señora Garnier Etanislao nos anuncia en su escrito que presentará con posterioridad un escrito separado con las órdenes, su omisión es un defecto que incide fatalmente sobre nuestra jurisdicción. Los dictámenes civiles tienen que constar por escrito para que puedan ser revisados.

Tampoco nos remitió la *minuta* debidamente firmada por el Tribunal de la vista en que se emitieron las órdenes impugnadas. Aunque pueden pronunciarse en corte abierta y consignarse en la *minuta* del tribunal, las órdenes no constituyen dictámenes de las cuales pueda acudirse en revisión mientras no se reduzcan a escrito. En ambas instancias, la determinación interlocutoria tiene que estar firmada por el juez o jueza que la emitió para que pueda constar válidamente en la *minuta* del tribunal.[13] Es decir, para que comience a transcurrir el término para recurrir en *certiorari* de una minuta donde se ha dictado una resolución u orden, esta tiene que haber sido notificada a las partes y estar firmada por el juez o jueza que la emitió. [14]

---

[10] *Allied Management Group Inc.*, 204 DPR; *Maldonado*, 171 DPR, pág. 55; *Souffront*, 164 DPR, pág. 674; *Vázquez*, 128 DPR, pág. 537.

[11] *Isleta, LLC* v. *Inversiones Isleta Marina, Inc.*, 203 DPR 585 (2019); *García Morales* v. *Mercado Rosario*, 190 DPR 632 (2014); *Soto Pino* v. *Uno Radio Group*, 189 DPR 84 (2013); *Hernández* v. *The Taco Maker*, 181 DPR 281 (2011); *Lugo* v. *Suárez*, 165 DPR 729 (2005); *Pellot* v. *Avon*, 160 DPR 125 (2003).

[12] 4 LPRA Ap. XXII-B, R. 83.

[13] *Pueblo* v. *Ríos Nieves*, 209 DPR 264 (2022); *Sánchez et als.* v. *Hosp. Dr. Pila et als.,* 158 DPR 255, 261 (2002).

[14] *Sánchez et als*, 158 DPR, pág. 261.

Procede que *desestimemos* el recurso de *Certiorari* incoado y por consiguiente, declaremos No Ha Lugar la *Moci[ó]n Urgente para Acudir a la Prueba Oral y para que Ordene la Suspensi[ó]n de los Procedimientos en el Tribunal de Instancia.*[15]

IV.

Por los fundamentos que anteceden, *desestimamos* el recurso y declaramos No Ha Lugar la *Moci[ó]n Urgente para Acudir a la Prueba Oral y para que Ordene la Suspensi[ó]n de los Procedimientos en el Tribunal de Instancia* por falta de jurisdicción.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[15] 4 LPRA Ap. XXII-B, R. 83(C); *Arriaga Rivera* v. *Fondo del Seguro del Estado,* 145 DPR 122 (1998); *Cárdenas Maxán* v. *Rodríguez,* 119 DPR 642, 659 (1987); *Matos* v. *Metropolitan Marble Corp.,* 104 DPR 122, 126 (1975).