<table>
<tr>
<td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL II</td>
</tr>
<tr>
<td align="center">NOEL ROBERTO OPPENHEIMER GARCÍA, DAMARIS PIÑAN<br><br>Peticionarios<br><br>v.<br><br>YAUCO HEALTHCARE CORPORATION, CORPORACIÓN SALA EMERGENCIA ABC Y OTROS<br><br>Recurridos</td>
<td align="center">KLCE202400576</td>
<td>*CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso número: PO2022CV03024<br><br>Sobre: Daños, Impericia Médica</td>
</tr>
</table>

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 30 de mayo de 2024.

Comparece la parte peticionaria, Noel R. Oppenheimer García, mediante un recurso de *certiorari* y nos solicita que revoquemos las órdenes contenidas en la *Minuta* notificada por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 23 de abril de 2024. Mediante la referida *Minuta*, el foro primario, en lo pertinente, extendió el descubrimiento de prueba, concedió un término para que las partes presentaran mociones dispositivas y determinó que no iba a permitir que se incluyeran nuevos peritos.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción. Veamos.

**I**

Luego de varios trámites procesales, en un pleito sobre impericia médica incoado el 2 de noviembre de 2022,[1] el Tribunal de Primera Instancia emitió varias órdenes en corte abierta en una conferencia de estatus celebrada el 22 de abril de 2024. Esos dictámenes fueron

---

[1] Anejo 2 del recurso, págs. 4-9.

Número Identificador

SEN2024 _____

transcritos y notificados a las partes el 23 de abril de 2024 en la *Minuta* que nos ocupa.[2] Mediante el referido escrito, el foro primario, en lo pertinente, extendió el descubrimiento de prueba, concedió un término para que las partes presentaran mociones dispositivas y determinó que no iba a permitir que se incluyeran nuevos peritos.

Inconforme, el 23 de mayo de 2024, la parte peticionaria acudió ante nos mediante el presente recurso y señaló el siguiente error:

> Err[ó] el Tribunal de Primera Instancia al sancionar a la parte demandante prohibiendo que contrate nuevo perito, extendiendo el descubrimiento de prueba por un periodo menor a 30 días por incumplir con el l[í]mite para el descubrimiento de prueba establecido anteriormente[,] habiendo estado enferma, sin notificar dichas sanciones a la parte afectada.

Hemos examinado con detenimiento el presente recurso y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho".  Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5). Resolvemos.

## II

### A

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, 2024 TSPR 24, resuelto el 13 de marzo de 2024; *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios*

---

[2] Anejo 1 del recurso, págs. 1-3.

*Generales de Puerto Rico*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

**B**

El Tribunal Supremo de Puerto Rico ha reiterado la importancia de notificar correctamente a las partes del pleito una resolución u orden interlocutoria. *Sánchez et als. v. Hosp. Dr. Pila et als.*, 158 DPR 255, 260 (2002). Ello es de suma importancia para que se activen y comiencen a transcurrir los términos jurisdiccionales o de cumplimiento estricto, de forma tal, que los foros apelativos puedan revisarlas. *Íd*.

Una notificación correcta debe incluir el que las órdenes o resoluciones interlocutorias se encuentren debidamente firmadas por el

juez o la jueza que ha tomado la determinación, bien sea mediante resolución escrita o de una notificación de una minuta que prepara el personal de la secretaría y es avalada por la firma del juez o la jueza que la emitió verbalmente en corte abierta. *Sánchez et als. v. Hosp. Dr. Pila et als.*, supra, pág. 262; *Cárdenas Maxán v. Rodríguez*, 119 DPR 642 (1987). Sobre ese particular, la Regla 32(b)(1) de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico (1999), 4 LPRA Ap. II-B, R. 32(b)(1), dispone lo siguiente:

> La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Administrativo o la Directora Administrativa de los Tribunales y será certificada por la Secretaria de Servicios a Sala.

> La minuta original se unirá al expediente judicial. En aquellos casos consolidados, la minuta original será unida al expediente de mayor antigüedad. Se incluirá copia de la minuta en los expedientes consolidados restantes.

> […]

> **La minuta no será notificada a las partes o a sus abogados [o abogadas], salvo que incluya una resolución u orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes**. (Énfasis nuestro).

> […]

De la precitada regla surge que, si se recurre de una decisión que consta en una minuta, se debe notificar adecuadamente a todas las partes para que comience a transcurrir el término para acudir ante los foros apelativos. *Pueblo v. Rodríguez Ruiz*, 157 DPR 288 (2002). La corrección de dichas resoluciones u órdenes tienen el efecto de determinar si un tribunal apelativo tiene jurisdicción sobre un recurso.

En consecuencia, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación. *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366-367 (2001); *Hernández v. Marxuach Const. Co.*, 142 DPR 492 (1997). Esto es, cuando la controversia no está debidamente delineada, definida y concreta. *Íd.* Ello tiene como resultado que se priva la jurisdicción del tribunal al que se recurre. *Íd.* La presentación de un recurso

prematuro carece de eficacia y no produce ningún efecto jurídico, pues al momento de su presentación no existe autoridad judicial para acogerlo. *Pueblo v. Santana Rodríguez*, 148 DPR 400 (1999). En ese sentido, la Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C), permite que este Foro revisor intermedio desestime a iniciativa propia aquellos casos en los que no tiene jurisdicción.

A la luz de la normativa antes expuesta, procedemos a disponer de la controversia ante nuestra consideración.

**III**

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.*

Según esbozamos, para que una minuta pueda convertirse en un dictamen revisable, debe ser firmada por el juez o la jueza y notificada a las partes. Así, pues, una vez se notifique oportunamente a las partes la minuta en cuestión con la firma del juzgador, comenzarán a decursar los términos correspondientes para solicitar reconsideración o acudir en alzada ante este Foro apelativo. Hasta tanto ello no ocurra, el dictamen no está sujeto a revisión ante el Tribunal de Apelaciones, pues dicho Foro carece de jurisdicción.

En el presente caso, la determinación cuya revisión nos solicita la parte peticionaria quedó estampada en la *Minuta* transcrita y notificada el 23 de abril de 2024 por la conferencia de estatus celebrada el día anterior. Sin embargo, del expediente ante nos no surge que el Tribunal de Primera Instancia haya notificado dicha *Minuta* como una resolución, ni existe firma del juzgador o documento alguno que acredite dicha resolución. Por lo tanto, no ha comenzado a decursar el término para acudir ante esta Curia.

En vista de que lo anterior nos impide resolver el error planteado, toda vez que carecemos de jurisdicción para evaluar el caso en los méritos

por este ser prematuro, procede desestimar el recurso.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones