| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VI | | |
| ANA OQUENDO FERNÁNDEZ<br><br>Apelante<br><br><br>v.<br><br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *ET. AL.*<br><br>Apelados | KLAN202400545 | *Apelación* Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Civil Núm.: SJ2024CV02129<br><br>(801)<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez.

**Rivera Pérez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece la Sra. Ana Oquendo Fernández (en adelante, Sra. Oquendo Fernández) mediante un recurso de apelación y nos solicita la revisión de la *Sentencia Parcial* dictada y notificada el 16 de mayo de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI). Mediante dicho dictamen, el TPI declaró Ha Lugar la *Moción de Desestimación* presentada el 13 de mayo de 2024 por el Estado Libre Asociado de Puerto Rico (en adelante, ELA). En consecuencia, se desestimó la demanda sobre daños y perjuicios presentada por la Sra. Oquendo Fernández en contra del ELA.

Por los fundamentos que expondremos, se desestima el presente recurso de apelación por falta de jurisdicción.

Número Identificador

SEN2024_____

**I.**

El 3 de marzo de 2024, la Sra. Oquendo Fernández presentó una demanda sobre daños y perjuicios en contra del ELA y el Departamento de Transportación y Obras Públicas (en adelante, DTOP).[1] En síntesis, la Sra. Oquendo Fernández solicitó una indemnización por los daños y perjuicios sufridos como consecuencia de una caída al tropezarse con un tubo que sobresalía de una acera en la Avenida Ponce de León de San Juan el 27 de septiembre de 2023. Posteriormente, la demanda se enmendó con el propósito de incluir a MAPFRE como parte demandada en el caso.[2]

Luego de varios trámites procesales, el 13 de mayo de 2024, el ELA presentó una *Moción de Desestimación*, en la que solicitó la desestimación de la demanda al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.[3] En síntesis, el ELA alegó que la notificación efectuada por la Sra. Oquendo Fernández al Estado[4] no cumplió con las exigencias de contenido establecidas en el Artículo 2A de la Ley Núm. 104 de 29 de junio de 1955, *infra*, al no advertir el sitio exacto donde ocurrió el alegado accidente, lo que ameritaba la desestimación de la acción judicial.

El 15 de mayo de 2024, la Sra. Oquendo Fernández presentó una *Moción de Oposición a la Moción de Desestimación*, en la que se opuso a la solicitud de desestimación del ELA.[5] En síntesis, la Sra. Oquendo Fernández alegó que la notificación en cuestión cumplía con todas las exigencias de forma y contenido

---

[1] Véase, Apéndice I, Apelación, págs. 1-3.
[2] Véase, Apéndice I, Apelación, págs. 11-14.
[3] Véase, Apéndice VI, Apelación, págs. 15-25.
[4] Véase, Apéndice VI, Apelación, págs. 27-29.
[5] Véase, Apéndice VII, Apelación, págs. 30-39.

establecidas en la Ley Núm. 104 de 29 de junio de 1955, *infra*. En particular, sostuvo que de esta surgía de que el accidente había ocurrido en la Avenida Ponce de León de San Juan cerca de su residencia y se incluyó su dirección. Además, la Sra. Oquendo Fernández alegó que el ELA no contestó la notificación ni investigó el accidente. Añadió que tampoco demostró que sufrió algún perjuicio por motivo de la alegada notificación defectuosa; y que exigirle a la parte demandante "incluir en la notificación con particular precisión el lugar exacto de su caída, excede lo requerido por la ley y constituiría un fracaso a la justicia."[6]

Ese mismo día, la Lcda. Tamara Álvarez Vega presentó una moción titulada *Renuncia a Representación Legal*, mediante la cual solicitó ser relevada de la representación legal del ELA.[7] Además, solicitó que se le concediera al ELA un término de treinta (30) días para anunciar su nueva representación legal. Finalmente, solicitó que el Tribunal le dirigiera toda correspondencia futura a la Lcda. Alana Pagán González, directora de la División de Asuntos Civiles, Daños y Perjuicios de la Secretaría Auxiliar de lo Civil, y proveyó su teléfono, dirección postal y correo electrónico.

El 16 de mayo de 2024, el TPI emitió y notificó una *Orden*, mediante la cual dispuso lo siguiente:

> "Se revela a la Lcda. Tamara Álvarez Vega de la representación legal. Tome nota Secretaría y partes. Tiene la parte codemandada 15 días para anunciar quién asumirá la misma."[8]

Finalmente, en esa misma fecha, el TPI dictó y notificó la *Sentencia Parcial* apelada, mediante la cual declaró Ha Lugar la

---

[6] Véase, Apéndice VII, Apelación, pág. 35.
[7] Véase, entrada 22 del Expediente Digital del Caso Núm. SJ2024CV02129 en el Sistema Unificado de Manejo y Administración de Casos (en adelante, SUMAC).
[8] Véase, entrada 26 del Expediente Digital del Caso Núm. SJ2024CV02129 en el SUMAC.

*Moción de Desestimación* presentada el 13 de mayo de 2024 por el ELA y, en consecuencia, desestimó la demanda del presente caso.[9]

El 28 de mayo de 2024, el ELA presentó una *Moción Asumiendo Representación Legal* solicitando la admisión de la Lcda. Roxanne González Otero como representante legal del ELA,[10] a lo cual accedió el TPI mediante una *Orden* emitida y notificada 4 de junio de 2024.[11]

Por otra parte, en desacuerdo con la determinación de la *Sentencia Parcial*, la Sra. Oquendo Fernández acudió ante nos el 4 de junio de 2024 mediante el presente recurso de *Apelación*. En este, la Sra. Oquendo Fernández señala la comisión por el TPI del error siguiente:

> ERRÓ EL TPI AL DESESTIMAR LA CAUSA DE ACCIÓN DE LA DEMANDANTE-APELANTE AL DETERMINAR QUE LA NOTIFICACIÓN ENVIADA AL SECRETARIO DE JUSTICIA CONFORME A LEY DE PLEITOS CONTRA EL ESTADO FUE INSUFICIENTE POR NO INCLUIR UNA DESCRIPCIÓN CLARA Y CONCISA DEL SITIO DEL ACCIDENTE.

El 24 de junio de 2024, la Oficina del Procurador General de Puerto Rico, presentó una *Moción de Desestimación* en la cual alegó que la sentencia apelada no había sido notificada a todas las partes.

Procedemos a resolver conforme al cuadro procesal y fáctico antes reseñado.

## II.

La jurisdicción se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a

---

[9] Véase, Apéndice IX, Apelación, págs. 50-53.
[10] Véase, entrada 29 del Expediente Digital del Caso Núm. SJ2024CV02129 en el SUMAC.
[11] Véase, entrada 32 del Expediente Digital del Caso Núm. SJ2024CV02129 en el SUMAC.

un foro judicial del poder necesario para adjudicar una controversia. *Metro Senior v. AFV*, 209 DPR 203, 208 (2022); *Allied Mgmt. Group, v. Oriental Bank*, 204 DPR 374, 385-386 (2020). En múltiples y variadas ocasiones, el Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014). Además, se ha señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *S.L.G. Solá-Morreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por otra parte, un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración del tribunal apelado, es decir, que aún no ha sido finalmente resuelta. *Íd.* Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Íd.* No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. *Íd.* La desestimación de un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.*

Ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et*

*al. v. JCA,* 184 DPR 898, 909 (2012). Por ser las cuestiones de jurisdicción privilegiadas, estas deben ser resueltas con preferencia y de carecer un tribunal de jurisdicción, lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado,* 172 DPR 216, 222 (2007); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

La Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), autoriza al Tribunal de Apelaciones a desestimar un recurso, a iniciativa propia o solicitud de parte, cuando carezca de jurisdicción para atenderlo.

**B.**

Como parte de las exigencias mínimas del debido proceso de ley, la notificación adecuada de todos los incidentes procesales relevantes es esencial en todo procedimiento adversativo. *Hernández v. Secretario*, 164 DPR 390, 395 (2005). El deber de notificar a las partes adecuadamente no es un mero requisito, sino que ello afecta los procedimientos posteriores al dictamen referido y trastoca las garantías del debido proceso de ley. *Dávila Pollock et als. v. R. F. Mortgage*, 182 DPR 86, 94 (2011). Por tal razón, las Reglas de Procedimiento Civil imponen ciertos requisitos procesales para asegurar la efectividad en la notificación de sus dictámenes. Al respecto, el Tribunal Supremo ha expresado lo siguiente:

> "Para que se activen y comiencen a decursar los términos jurisdiccionales o de cumplimiento estricto para presentar una moción de reconsideración o un certiorari para que el tribunal apelativo revise una resolución u orden interlocutoria, es necesario que la notificación de la resolución u orden interlocutoria se haya hecho correctamente." *Sánchez et als. v. Hosp. Dr. Pila et als.,* 158 DPR 255, 260 (2002).

Cónsono con lo anterior, la Regla 67.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 67.1, dispone que "[t]oda orden emitida

por el tribunal y todo escrito presentado por las partes será notificado a todas las partes". Siempre que una parte haya comparecido representada por abogado, "la notificación será efectuada al abogado o abogada, a menos que el tribunal ordene que la notificación se efectúe a la parte misma". Regla 67.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 67.2. A su vez, la Regla 46 de Procedimiento Civil, 32 LPRA Ap. V, R. 46, dispone que una sentencia "no surtirá efecto hasta archivarse en autos copia de su notificación a todas las partes y el término para apelar empezará a transcurrir a partir de la fecha de dicho archivo".

Por tanto, nuestras Reglas de Procedimiento Civil establecen unas normas claras en torno a las notificaciones de dictámenes interlocutorios y sentencias. En el caso de sentencias, establecen que estas no surtirán efecto hasta que se archiven en autos y se notifiquen a todas las partes. Consecuentemente, una sentencia notificada de forma defectuosa es inapelable hasta que se subsane el defecto en su notificación.

**III.**

La Oficina del Procurador General de Puerto Rico, presentó una *Moción de Desestimación*, mediante la cual solicitó la desestimación del recurso de *Apelación* presentado por la Sra. Oquendo Fernández. En síntesis, alegó que la sentencia apelada no fue notificada a la representación legal del ELA, por lo que los términos para apelarla no habían comenzado a transcurrir.

Examinada la notificación de la sentencia apelada expedida por la Secretaría, observamos que en efecto el referido dictamen le fue notificado únicamente al Lcdo. Juan M. Cancio Biaggi, abogado de la Sra. Oquendo Fernández y a la Lcda. Shadia Yamila

Correa Rivera, abogada de la compañía aseguradora MAPFRE.[12] Es decir, la sentencia apelada no fue notificada al ELA por conducto de la Lcda. Alana Pagán González, directora de la División de Asuntos Civiles, Daños y Perjuicios de la Secretaría Auxiliar de lo Civil, según había solicitado la Lcda. Tamara Álvarez Vega en su solicitud de relevo.

No habiéndose notificado la sentencia apelada a todas las partes del caso de autos, concluimos su notificación fue defectuosa y los términos para presentar un recurso de apelación no han comenzado a transcurrir. Por lo tanto, determinamos que procede la desestimación del presente recurso de apelación por haberse presentado de forma prematura.

Una vez la Secretaría del Tribunal de Primera Instancia notifique la sentencia conforme disponen las Reglas de Procedimiento Civil, comenzaran a trascurrir los términos para apelar.

**IV.**

Por los fundamentos expuestos, se desestima el presente recurso de apelación por falta de jurisdicción al ser prematuro.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] Véase Apéndice IX, pág. 49.