ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| **ARMANDO AGUILAR FERRO** <br><br> Peticionario <br><br> v. <br><br> **TPH HOLDINGS, LLC, d/b/a THE PARTS HOUSE y otros** <br><br> Recurrido | TA2026CE00391 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón <br><br> Civil Núm.: **BY2024CV04299** <br><br> Sobre: Despido Injustificado (Ley Núm. 80) y otros |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de abril de 2026.

Comparece ante nos, el señor Armando Aguilar Ferro (señor Aguilar Ferro o parte peticionaria) y solicita la revisión de la *Orden* emitida el 19 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), que alegadamente se relaciona con ciertas determinaciones realizadas en corte abierta en una vista llevada a cabo el 6 de marzo de 2026. En la referida *Orden*, el TPI se expresó sobre las fechas propuestas para la conferencia con antelación al juicio.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

## I.

Según surge del expediente, el 22 de julio de 2024, el señor Aguilar Ferro instó una querella contra TPH Holdings, LLC (TPH o parte recurrida) sobre despido injustificado y se acogió al procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961.

Mediante una *Orden* del 4 de septiembre de 2024, el foro de instancia le anotó la rebeldía a TPH.

Tras varios trámites procesales, que incluyeron la presentación del recurso TA2025CE000906[1] ante este Tribunal de Apelaciones, y en lo pertinente, el señor Aguilar Ferro informa que, durante una audiencia celebrada el 6 de marzo de 2026, las partes presentaron argumentos sobre la nueva prueba anunciada por TPH. Explica que el TPI autorizó a TPH a efectuar nuevos y adicionales mecanismos de descubrimiento de prueba, a presentar cuatro testigos (4), incluyendo un perito, así como prueba pericial a su favor. Añade que también pautó una conferencia con antelación al juicio en el caso, aun cuando se conduce al amparo de la Ley Núm. 2, y luego de haberle anotado la rebeldía a TPH.

Además, expone que, **ante la ausencia de un documento escrito que recoja las órdenes dictadas por el Tribunal de Primera Instancia en corte abierta** el 6 de marzo de 2026, se debe tomar como fecha de partida para el término disponible para recurrir ante este Foro apelativo, el 19 de marzo de 2026, día en que el TPI emitió una *Orden* relacionada a éstas.[2]

No obstante, según lo expresado por el señor Aguilar Ferro, no cabe duda de que éste en realidad recurre de la resolución emitida en corte abierta por el foro *a quo,* de la cual no existe en el expediente una minuta debidamente notificada a las partes. En consecuencia, el recurso de *certiorari* fue presentado prematuramente, lo que nos obliga a desestimarlo por carecer de jurisdicción para intervenir. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *infra.*

---

[1] Por medio de una *Resolución* dictada el 19 de diciembre de 2025, se denegó la expedición del recurso de *certiorari* solicitado por el señor Aguilar Ferro.

[2] Del expediente surge una solicitud del señor Aguilar Ferro para que se dictara orden para la regrabación de la vista celebrada el 6 de marzo de 2026, la cual fue declarada *Ha Lugar* por el TPI.

## II.

## A.

Como es sabido, la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí. *Municipio de Río Grande y otro v. Adquisición de Finca 27.661 de la Urbanización Industrial Las Flores, del Término Municipal de Río Grande y otros*, 2025 TSPR 36, resuelto el 4 de abril de 2025; *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024), citando a *Pueblo v. Torres Medina*, 211 DPR 950 (2023).[3] Por tanto, "el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional". *R&B Power, Inc. v. Junta de Subastas ASG*, supra, citando a *Torres Alvarado v. Maderas Atiles*, 202 DPR 495, 500 (2019).

Los tribunales deben ser guardianes celosos de la jurisdicción. El foro judicial carece de discreción para asumir jurisdicción donde no la hay, por lo que, si un tribunal se percata que no la tiene, debe así declararlo y desestimar el recurso. *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018). En ese sentido, la ausencia de jurisdicción trae consigo varias consecuencias, entre las cuales se encuentra el que no sea susceptible de ser subsanada; que las partes no puedan conferírsela voluntariamente al tribunal como tampoco puede esta arrogársela; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso y; que pueda ser presentada en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group. v. Oriental Bank*, 204 DPR 374, 386 (2020).

---

[3] Véase, además, *Cobra Acquisitions, LLC v. Mun. de Yabucoa*, 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022).

**B.**

Nuestro estado de derecho exige que todas las partes en un litigio sean notificadas adecuadamente de las sentencias, resoluciones y órdenes judiciales. Véase, Reglas 46 y 65.3(a) de las de Procedimiento Civil de Puerto Rico, 32 LPRA, Ap. V, R. 46 y 65.3(a). Ello, como requisito esencial para su efectividad y para su revisión, pues la decisión no surtirá efecto alguno y los términos para los procedimientos *postsentencia* no comenzarán a decursar hasta que ese trámite procesal no se consuma. Así lo ha reiterado nuestra jurisprudencia. *Maldonado v. Junta Planificación,* 171 DPR 46, 57-58 (2007); *Caro v. Cardona,* 158 DPR 592, 599 (2003). Además, es de conocimiento que adjudicarle efectos procesales a una determinación judicial no notificada trastocaría el andamiaje procesal y socavaría los cimientos del debido proceso de ley. *Íd.* Por consiguiente, es a partir de la notificación de la sentencia, resolución u orden que comienzan a transcurrir los términos del recurso de revisión correspondiente.

En armonía con lo anterior, las Reglas para la Administración del Tribunal de Primera Instancia de Puerto Rico, en específico su Regla 32, inciso (B)(1), 4 LPRA Ap. II-B, R. 32(B)(1), dispone categóricamente que una minuta tendrá que ser notificada a las partes si en ella se incluye una resolución u orden emitida por el juez en corte abierta. A su vez, es necesario que la referida orden sea firmada por el juez o la jueza. *Íd.* Los plazos para recurrir de los dictámenes emitidos en corte abierta a los foros apelativos no comienzan a transcurrir por su notificación verbal. Todo lo contrario, solo con la notificación por escrito es que los respectivos plazos se activan. *Sánchez et als. v. Hosp. Dr. Pila et als.,* 158 DPR 255, 260-262 (2002).

**III.**

En esta ocasión, atenderemos con primacía un asunto jurisdiccional que presenta el caso de autos.

Aunque la parte peticionaria indica que recurre de la *Orden* emitida el 19 de marzo de 2026, resulta evidente que su discusión hace referencia y se circunscribe a detalles, expresiones y determinaciones alegadamente manifestadas por el juzgador de los hechos durante la vista celebrada el 6 de marzo de 2026. En ese contexto, exterioriza que "el Tribunal no ha emitido Minuta de esta aún" y que las determinaciones "no constan aun en documento escrito". Sobre el particular, este Tribunal revisó el expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC), y pudo constatar, que, en efecto, no existe minuta alguna con dicha fecha.

Según expuesto, nuestro estado de derecho exige que las órdenes y minutas que contengan una orden o resolución dictada en corte abierta sean debidamente notificadas por escrito. En vista de ello, solo cuando la Secretaría del TPI efectúe dicho trámite es que, en el presente caso, comenzará a decursar el término para recurrir ante este foro revisor.

A raíz del incuestionable hecho de que el recurso de epígrafe es uno prematuro, solo poseemos autoridad para desestimarlo por falta de jurisdicción.[4] *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

---

[4] Un recurso prematuro es:

> […] aquél presentado en la secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. [Cita omitida]
> Una apelación o un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de la falta de jurisdicción. Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos, para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. Ello explica la exigencia y necesidad de presentar una nueva apelación o recurso y efectuar su notificación dentro del término jurisdiccional.

**IV.**

Por los fundamentos que anteceden, desestimamos el recurso de *certiorari* de epígrafe por falta de jurisdicción ante su presentación prematura. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 116-117, 215 DPR __ (2025).

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

*Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). (Véase también, *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000)).